MEMO ENDORSED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOHN EDWARD BARKER,

                Plaintiff,

     -against-                               21-CV-869 (KPF)

THE BANCORP, INC.,

                Defendant.
------------------------------------------------------------------------X

**STIPULATED ORDER OF CONFIDENTIALITY**

**WHEREAS,** discovery in the above-captioned action (**"Action"**) will likely involve the production of documents, information and other materials which the producing party may claim to be confidential, and

**WHEREAS,** the parties in this Action desire to provide for the orderly and prompt production and use of such documents, information and other materials in this Action, and minimize the number and nature of disputes relating to confidentiality issues,

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned attorneys for the parties to this Stipulated Order of Confidentiality (**"Stipulation"**) that the following procedures shall govern the production and exchange of all documents, information and other materials designated as "Confidential" in accordance with this Stipulation.

    A.    **Materials and Persons Covered**.

        1.    This Stipulation shall apply to any document, information or other thing furnished by any party to any other party in the course of this Action, and designated in accordance with this Stipulation (**"Materials"**). Without limitation, the term "Materials"

includes all originals (or copies if the original is unavailable), non-identical copies, drafts and revisions.

2. This Stipulation shall apply to any party to this Action, as well as any individual or entity producing or receiving Materials in accordance with this Stipulation.

**B.** **Designation of Confidential or Privileged Documents**.

1. In the event any party producing any Materials in the Action (**"Designating Party"**) believes that such Materials, or any portion thereof, constitute a trade secret; confidential research, development, technical, pricing, customer, or commercial information; personnel information related to employees of Respondent who are not parties to this Action; or other personal, medical, private or sensitive or proprietary information, the Designating Party shall have the right to designate such Materials as "Confidential" in accordance with this Stipulation. The party receiving such designated Materials (**"Receiving Party"**) shall maintain the Confidential Materials in accordance with the terms of this Stipulation. Nothing contained herein, or any action taken in compliance herewith, shall operate as an admission by any party that any particular document or information is, or is not, confidential, or prejudice in any way the right of any party to seek a determination of whether any particular document or information need be disclosed or, if disclosed, whether it should remain subject to the terms of this Stipulation. Furthermore, nothing contained herein shall be deemed to waive any right a person otherwise might have to obtain information, to oppose production of documents or information on any ground, or to object to the introduction of evidence on any ground.

2. The designation of Materials produced in hard-copy format shall be made by marking such Materials "CONFIDENTIAL" on the first page of a document wherein such

Confidential information is contained, indicating the Confidentiality thereof or of the information therein, prior to the transmission of any such Confidential Materials to the Receiving Party. The designation as confidential of the first page of a multi-page document shall mean that the entire document is to be treated as containing Confidential Materials.

3. The designation of Confidential Materials produced in electronic format shall be made as follows: (i) when a person viewing the Materials on a screen in the form in which it is produced will be able to see the word "CONFIDENTIAL" on each page to be designated Confidential; and (ii) when the Materials are printed in the format in which it was produced in the Action, each printed page to be designated confidential will contain the term "CONFIDENTIAL."

4. At any deposition, hearing or other occasion during which testimony shall be given, any party believing that certain testimony may relate to Confidential Materials as defined in Section B[1] above may designate all or any portion of such testimony as confidential. The portions so designated shall be transcribed in a separate transcript and marked in accordance with this Stipulation, and provision shall be made for the exclusion of persons not authorized to view Confidential Materials under the terms of this Stipulation during the time such designated testimony is given.

5. The inadvertent production by any party of Materials that would otherwise be designated as Confidential, but that are not so designated, shall not preclude such party from later designating such Materials as Confidential in accordance with this Stipulation, provided, however, that the Receiving Party shall not be deemed to have violated the provisions of this Stipulation by virtue of the use or disclosure of such Materials prior to their designation as confidential.

6. With regard to inadvertent disclosures of any documents or other information that constitute privileged or protected materials ("**Privileged Materials**"):

(a) The inadvertent production or disclosure of any Privileged Materials protected by attorney-client privilege, the work-product doctrine, a joint-defense privilege, banking privilege, or any applicable privilege, immunity, or protective doctrine (collectively, **"Privilege"**) shall not constitute, or be considered a factor suggesting, a waiver or impairment of any claims of such Privilege. In the event of an inadvertent production or disclosure, the Designating Party may provide written notice that Privileged Materials have been inadvertently produced or disclosed.  Within 7 days of receipt of such notice, any person that has received such Privileged Materials shall return to the Designating Party all such material and copies thereof in its possession and will make reasonable efforts to reclaims and return all such material.

(b) Any party receiving materials that, on their face, appear to be covered by a Privilege, shall provide prompt notice of the disclosure to the Designating Party to afford the Designating Party the opportunity to designate the materials as inadvertently produced Privileged Materials subject to the claw-back provision in Section B(6)(a).

C. **Procedure for Objections to Designation**.

1. If any person objects to a designation of Confidential made by the Designating Party, such party must notify the Designating Party of its objection in writing after receiving the objectionable Materials.  If the parties cannot resolve the issue, the objecting party may after sending written objection to the Designating Party request a conference with the Court, or otherwise move for appropriate relief, in accordance with the local rules and practices applicable in this Action. The Designating Party shall bear the burden of establishing that the

objecting party is not entitled to such relief and that the designation of the subject Materials as Confidential was appropriate.

    2. Until a determination by the Court or agreement between the parties, the subject Materials shall continue to be treated as Confidential in accordance with this Stipulation.

  **D.** **<u>Disclosure of Confidential Materials</u>**.

    1. Except as may otherwise be required by law or Order, Confidential Materials may be disclosed only to the following, unless otherwise authorized by the Court: (i) the parties and the parties' respective in-house and outside counsel (and counsel's employees) in this Action; (ii) the Court and associated personnel; (iii) any expert or consultant retained to assist in this Action who agrees in writing to be bound by the terms of this Stipulation; (iv) witnesses to whom disclosure is made in good faith for purposes of this Action, and who agree in writing to be bound by the terms of this Stipulation; and (v) such other person(s) who may be agreed to in writing by the Designating Party, and who agree in writing to be bound by the terms of this Stipulation.  The individuals referenced in subparagraphs (iii) through (v) must complete the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to Be Bound. The Designating Party shall be given at least three (3) business days' notice before disclosure is being made pursuant to subparagraphs (iii) and/or (iv) of this paragraph so that the Designating Party may seek any appropriate relief from the Court. If the Designating Party indicates within the three business days that it objects to the requested disclosure, the Designating Party or Receiving Party shall have seven (7) days from such raised objection to seek any appropriate relief, during which time no disclosure shall be made unless and until the Court determines the request for relief, or the seven-day period for seeking such relief has expired without any application having been made.

2. If any party shall receive a request by any person not a party to this Action for the production or disclosure of any Confidential Materials, the party upon whom such request is made shall notify the Designating Party in writing of such request within three (3) business days after receiving such request, or as soon as practicable after receiving such request if a response to such request is required in fewer than three (3) business days. Such notice shall include the name, address and telephone number of the person making the request for such disclosure, the date and time of such requested disclosure, and each document and all information sought to be disclosed.

E. **Treatment and Use of Confidential Materials**.

1. No copies of Confidential Materials shall be made except by or on behalf of counsel for the parties in this Action. Until further Order of the Court or further stipulation of the parties, any copies of documents designated as Confidential which counsel for the parties may cause to be made shall be treated as Confidential in accordance with this Stipulation.

2. All Confidential Materials shall be used solely for purposes of this Action.

3. Upon final termination of this Action and any appeal of any judgment therein, counsel for the Receiving Party shall deliver to counsel for the Designating Party, or destroy, within thirty (30) days of a written request, all Confidential Materials in the possession of the Receiving Party, provided, however, that counsel and the parties may retain copies of correspondence, pleadings, exhibits, and other papers submitted to the Court even if such papers include Confidential Materials. Counsel for the Receiving Party shall assemble all Confidential Materials which are in the possession of anyone else (to the extent practicable) and, at the election of the Designating Party to be made in writing, either destroy or return to counsel for the Designating Party all such Confidential Materials (including all copies). If the Receiving Party

within thirty (30) days of the written request destroys any Confidential Materials, the Receiving Party shall certify in writing to the Designating Party that it has done so. Notwithstanding the foregoing, counsel may retain materials which are (1) maintained solely in electronic form; and (2) are either encrypted or kept under lock and key.

      4.    Notwithstanding any provision to the contrary, nothing in this Stipulation shall restrict a party in the use or disclosure of its own Confidential Materials, nor be deemed or constitute a waiver of the right to refuse to produce any Materials on any other ground.

**F.**    **Miscellaneous**.

      1.    The failure of a party to exercise any right under this Stipulation shall not be deemed a waiver of any right to future compliance with respect to other Materials, or to the designation as Confidential of Materials already disclosed.

**(Remainder of this page left intentionally blank)**

2. This Stipulation may be modified, terminated or altered only by written agreement of the parties to this Action, or by Order of the Court.

Dated: April 21, 2022

| SACK & SACK, LLP<br>*Attorneys for Plaintiff* | COZEN O'CONNOR<br>*Attorneys for Defendant* |
|---|---|
| By: /s/ Jonathan Sack<br>Jonathan Sack<br>70 East 55th Street – 10th Floor<br>New York, New York 10022<br>(212) 702-9000 | By: <br>Michael C. Schmidt<br>3 World Trade Center<br>175 Greenwich Street – 55th Floor<br>New York, New York 10007<br>(212) 453-3937 |

```
This confidentiality agreement does not bind the Court or any
of its personnel.  The Court can modify this stipulation at any
time.  The Court will retain jurisdiction over the terms and
conditions of this agreement only for the pendency of this
litigation.  Any party wishing to make redacted or sealed
submissions shall comply with Rule 6(A) of this Court's
Individual Rules of Civil Procedure.

Dated:     April 21, 2022          SO ORDERED.
           New York, New York
```

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE